

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTIN CHAVEZ-JIMENEZ,

      Petitioner,

  v.

BRIAN BELLEQUE, Superintendent,

      Respondent.

Civil No. 06-1769-AS

ORDER TO SHOW CAUSE

ASHMANSKAS, Magistrate Judge.

    Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner must show cause, in writing, within 90 days of the date of this order, why his Petition for Writ of Habeas Corpus should not be summarily denied on the basis that he procedurally defaulted all of the claims for relief alleged therein.

1 - ORDER TO SHOW CAUSE -

## BACKGROUND

On July 13, 2001, Petitioner was convicted in Yamhill County Circuit Court on two counts of Sexual Penetration with a Foreign Object in the First Degree and four counts of Sexual Abuse in the First Degree. On July 25, 2001, the trial judge sentenced Petitioner to 44 years' imprisonment.

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed without opinion. Petitioner did not seek review before the Oregon Supreme Court.

Petitioner then filed a petition for state post-conviction relief ("PCR"). The PCR trial judge dismissed the petition. Petitioner did not timely appeal the dismissal of his state PCR petition.

On December 11, 2006, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this court. In his Petition, he alleges numerous claims for relief.

## DISCUSSION

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceeding before a federal court may consider granting habeas corpus relief. See 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts. *Koerner v. Grigas*, 328 F.3d 1039,

1046 (9th Cir. 2003); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003).

A federal habeas claim is procedurally defaulted if the claim could have been raised in state court, but was not and, as a result, is now procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, (1991). If a state prisoner has procedurally defaulted his federal claim in state court, federal habeas review is precluded unless the prisoner can demonstrate both cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). In the extraordinary case, cause for procedural default may be established "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Petitioner procedurally defaulted all of the claims alleged in his Petition by failing to petition the Oregon Supreme Court for review in his direct appeal, and by failing to timely appeal the dismissal in his state PCR case. Moreover, Petitioner fails to allege fact sufficient to establish either cause and prejudice

3 - ORDER TO SHOW CAUSE -

or a fundamental miscarriage of justice sufficient to excuse his procedural default. Accordingly, Petitioner must show cause why his Petition for Writ of Habeas Corpus should not be summarily denied.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Petitioner shall have 90 days from the date of this order to show cause, in writing, why his Petition for Writ of Habeas Corpus should not be summarily denied on the basis that he procedurally defaulted all of the claims for relief alleged therein.

IT IS SO ORDERED.

DATED this __9__ day of January, 2007.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Donald C. Ashmanskas
　　　　　　　　　　　　　　　United States Magistrate Judge