FILED
JAN 20 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTIN CHAVEZ-JIMENEZ,

    Petitioner,

v.

BRIAN BELLEQUE, Superintendent,
Oregon State Penitentiary,

    Respondent.

Civil No. 06-1769-AC

FINDINGS AND RECOMMENDATION

TODD H. GROVER
143 SW Shevlin-Hixon Drive
Suite 203
Bend, OR 97702

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the First Amended Petition for Writ of Habeas Corpus should be DENIED, and this action should be DISMISSED.

## BACKGROUND

On December 21, 2000, a Yamhill County grand jury indicted Petitioner on five counts of Unlawful Sexual Penetration in the First Degree, five counts of Rape in the First Degree, and ten counts of Sexual Abuse in the First Degree. The case proceeded to trial, and a jury found Petitioner guilty of two counts of Unlawful Sexual Penetration in the First Degree and four counts of Sexual Abuse in the First Degree. The jury acquitted Petitioner on the remaining counts. The trial judge imposed consecutive sentences on all six counts, for a total prison sentence of 530 months.

Petitioner appealed. Appointed appellate counsel, after minimal consultation with Petitioner, filed a "no-merit" brief pursuant to *State v. Balfour*, 311 Or. 434, 814 P.2d 1069 (1991). The Oregon Court of Appeals affirmed without opinion *State v. Chavez-Jimenez*, 184 Or. App. 503, 57 P.3d 602 (2002). Petitioner did not seek review from the Oregon Supreme Court.

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. The PCR court entered an order and judgment dismissing the action on February 28, 2006. On April 4, 2006, Petitioner's court-appointed counsel filed a notice of appeal on Petitioner's behalf. Because the notice was not filed within thirty days of the entry of the PCR judgment, however, the Oregon Court of Appeals summarily dismissed the matter. Petitioner did not seek review from the Oregon Supreme Court.

On December 11, 2006, Petitioner filed his habeas corpus petition in this court. In his First Amended Petition for Writ of Habeas Corpus, Petitioner alleges three claims for relief:

> **Ground One:** Counsel appointed to represent Petitioner during trial court proceedings rendered constitutionally inadequate assistance in a number of respects. These include, but are not limited to, the following:
> a.   Counsel failed to adequately investigate an imperfect-alibi defense by, among other things, obtaining Petitioner's work records;
> b.   Counsel failed to object to testimony and other evidence vouching for the credibility of the complainant;
> c.   Counsel failed to request appropriate jury instructions; and
> d.   At sentencing, Counsel failed to object to the imposition of consecutive sentences under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
>
> **Ground Two:** Counsel appointed to represent Petitioner on direct appeal rendered constitutionally inadequate assistance. His failings included, but are not limited to, the following:
> a.   Counsel failed to consult with Petitioner regarding the existence of any potentially meritorious issues on appeal;
> b.   Counsel failed to timely advise Petitioner of his right to file *pro se* arguments in the Court of Appeals and to assist in the preparation of those arguments; and
> c.   Counsel failed to advise Petitioner of his right to petition the Oregon Supreme Court for discretionary review.
>
> **Ground Three:** Petitioner is actually innocent of the sexual offenses for which he was accused and convicted.

Respondent argues Petitioner procedurally defaulted all three claims for relief. Petitioner concedes the claims are procedurally defaulted, but argues cause and prejudice exist to excuse the procedural default.

## LEGAL STANDARDS

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (*e.g.*, state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson,* 501 U.S. 722 (1991) (requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003); *Anderson v. Harless*, 459 U.S. 4 (1982). Further, a petitioner must present the federal claims in a procedural context in which their merits will be considered. *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); *see also*, *Turner v. Compoy*, 827 F.2d 526, 529 (9th Cir. 1987) (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief," the correct avenue must be fully exhausted).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. *Coleman v. Thompson*, supra; *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, however, the claims are procedurally defaulted in federal court. *O'Sullivan*, 526 U.S. at 848. When a claim is procedurally defaulted, federal habeas review is barred "unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

"'Cause' is a legitimate excuse for the default." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) "Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The fact that trial counsel failed to recognize the factual or legal basis of the claim does not excuse a default. *Id.* at 486. Nor does an ineffective assistance of counsel claim constitute "cause" for the default if the ineffective-assistance claim was, itself, defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000). Since no constitutional right to counsel exists on a collateral proceeding, the failure to provide effective assistance at such proceedings does not constitute "cause" sufficient to relieve a default. *Coleman*, 501 U.S. at 572.

"'[P]rejudice' is actual harm resulting from the alleged constitutional violation." *Thomas*, 945 F.2d at 1123. "Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. *U.S. v. Frady*, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. *Id.*

In the extraordinary case, cause for procedural default may be established by demonstrating a fundamental miscarriage of justice resulted in a "constitutional violation [that] probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Noltie*, 9 F.3d at 806. The miscarriage of justice or actual innocence exception to procedural default is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray*, 477 U.S. at 496). To be credible, a claim of actual innocence must be supported with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.

## DISCUSSION

Petitioner procedurally defaulted all three claims for relief. The ineffective assistance of trial counsel and appellate counsel claims were defaulted because Petitioner did not timely appeal from the state PCR court's denial of relief. Petitioner defaulted the third, actual innocence claim, by failing to ever present it to the state courts.

Petitioner concedes the procedural default. In addition, Petitioner concedes he cannot establish actual innocence under *Schlup* to excuse the procedural default. Petitioner argues, however, that his PCR counsel's failure to timely file an appeal with the Oregon Court of Appeals constitutes cause sufficient to excuse the procedural default.

As noted, there is no constitutional right to an attorney in state PCR proceedings. *Coleman*, 501 U.S. at 752. As such, "attorney ineffectiveness 'in the post-conviction process is not considered cause for the purposes of excusing the procedural default at that stage.'" *Smith v.*

*Baldwin*, 510 F.3d 1127, 1147-48 (9th Cir. 2007) (quoting *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000)), *cert. denied*, 129 S.Ct. 37 (2008). Instead, "counsel acts as the petitioner's agent and thus any attorney error in post-conviction proceedings is generally attributable to the petitioner himself." *Smith*, 510 F.3d at 1148 (citing *Coleman*, 501 U.S. at 752-53).

Petitioner argues this rule does not apply, because his PCR attorney's misconduct went beyond simple neglect or ineffective assistance, and created an actual impediment to Petitioner's ability to present his federal constitutional claims on appeal. As such, Petitioner argues, counsel ceased to act as Petitioner's agent when he failed to timely file the notice of appeal.

Other judges in this District have previously rejected the agency argument advanced by Petitioner. *See Hill v. Czerniak*, Case No. 03-CV-1740-BR, 2008 WL 2704493 (D. Or. 2008) (citing *Powell v. Czerniak*, 2007 WL 539436 (D.Or. 2007)); *Goddard v. Hill*, Case No. 04-CV-1290-JO, 2006 WL 3227886 (D. Or. 2006); *Butcher v. Czerniak*, Case No. 03-CV-1022-BR, 2006 WL 176753 (D. Or. 2006); *Thomas v. Cook*, Case No. 02-CV-1260-KI, 2004 WL 1723948 (D. Or. 2004); *see also Fairman v. Anderson*, 188 F.3d 635, 643, *reh'g & reh'g en banc denied*, 200 F.3d 813 (5th Cir. 1999)). The reasoning in those cases remains persuasive.

Petitioner further argues his case is analogous with that of *Manning v. Foster*, 224 F.3d 1129 (9th Cir. 2000). There, the court held that a petitioner could excuse his procedural default when post-conviction counsel's errors, "though not constitutionally defective, were not attributable to him because they were both unauthorized *and tainted by a conflict of interest.*" *Manning*, 224 F.3d at 1135 (emphasis added). The Ninth Circuit noted that, when an attorney's failure to act is

caused by his own self-interest, the failure is an objective factor external to the defense and constitutes cause to excuse a procedural default. *Id.* at 1134.

In *Manning,* the petitioner's attorney failed to filed a notice of direct appeal following the conviction despite the petitioner's timely request that he do so. The attorney advised the petitioner that the sole remaining remedy was to file a motion to reconsider the conviction and sentence, which the trial judge denied. The attorney did not inform the petitioner of his right to file a state post-conviction proceeding alleging ineffective assistance of counsel based on the failure to file the notice of appeal. The Ninth Circuit found a conflict of interest arose from counsel's interest in protecting himself from the damage to his professional reputation and exposure to potential malpractice liability or bar discipline should his client have prevailed upon a claim that counsel provided constitutionally ineffective assistance. *Id.*

The court took pains to distinguish between the situation where the conflict of interest between the petitioner and counsel constituted a denial of the Sixth Amendment right to counsel, and that where a conflict of interest *independent of a claim of ineffective assistance of counsel* would constitute cause where the conflict caused the attorney to interfere with the petitioner's right to pursue his claim. *Manning*, 224 F.3d at 1134. As the court noted, "Manning [was] not arguing that he was denied his right to counsel because his lawyer was conflicted; he [was] arguing that he was denied access to [the state post-conviction proceeding] because his lawyer interfered with his right to petition." *Id.*

Here, Petitioner states in his affidavit that, throughout the course of his interaction with his PCR attorney, he was adamant regarding his desire to fully litigate all possible claims for relief.

8 - FINDINGS AND RECOMMENDATION -

According to Petitioner, he understood that, in the event of an adverse decision by the PCR trial court, counsel would file a notice of appeal on his behalf. PCR counsel's recollection, however, differs. He contends he expressly discussed the possibility of an appeal with Petitioner and that, based on this discussion, he understood Petitioner did not want him to file an appeal.

The disagreement between Petitioner and his PCR trial counsel does not rise to the level of a conflict of interest sufficient to establish cause under *Manning*. Petitioner and his PCR attorney disagree about whether Petitioner wished to appeal the denial of PCR relief. Petitioner's speculation that counsel intentionally failed to file the notice of appeal because, for instance, he had other more pressing matters on his desk or thought Petitioner's case unworthy of further effort, does not raise this case to the level of conflict of interest extant in *Manning*. Taken in the light most favorable to Petitioner, counsel did not interfere with Petitioner's right to pursue his PCR appeal out of self-interest; counsel's failure to timely file the notice of appeal despite Petitioner's wishes was, at most, ineffective assistance of counsel, not an independent conflict of interest.

Moreover, Petitioner's speculation as to counsel's motives in failing to timely file an appeal in the PCR proceeding do not establish a basis for this court to hold an evidentiary hearing. Speculation cannot be the basis for an evidentiary hearing. *See United States v. Zuno-Arce*, 209 F.3d 1095, 1003 (9th Cir. 2003) ("[d]efendant is entitled to an evidentiary hearing if, but only if, his motion and record give the court some specific reason to believe that such 'new' evidence exists"), *overruled on other grounds by Valerio v. Crawford*, 306 F.3d 742, (9th Cir. 2002).

9 - FINDINGS AND RECOMMENDATION -

Accordingly, Petitioner fails to establish cause sufficient to excuse his procedural default. As such, habeas corpus relief is not available in this court and the First Amended Petition for Writ of Habeas Corpus should be denied.

## RECOMMENDATION

For these reasons, the First Amended Petition for Writ of Habeas Corpus should be DENIED, and a judgment of DISMISSAL should be entered. Should Petitioner appeal, a certificate of appealability should be DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due February 2, 2010. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this ___ day of January, 2010.

John V. Acosta
United States Magistrate Judge