IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARTIN CHAVEZ-JIMENEZ**,

        Petitioner,

        v.

**BRIAN BELLEQUE**, Superintendent Oregon State Penitentiary,

        Respondent.

No. CV 06-1769-AC

OPINION & ORDER

**MOSMAN, J.**,

On January 19, 2010, Magistrate Judge Acosta issued Findings and Recommendation ("F&R") (#51) in the above-captioned case recommending that I DENY Mr. Chavez-Jimenez's First Amended Petition for Writ of Habeas Corpus (#39), DISMISS this case, and DENY a Certificate of Appealability. Mr. Chavez-Jimenez filed objections (#53) to the F&R.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474

PAGE 1 - OPINION AND ORDER

U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Acosta's recommendations, and I ADOPT the F&R (#51) as my own opinion.

Mr. Chavez-Jimenez raises an argument for the first time in his objections that a certificate of appealability ("COA") should not be denied. In order to obtain a COA, a petitioner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Because Mr. Chavez-Jimenez's habeas claim is being denied on procedural grounds, the substantial showing has two elements, that (1) reasonable jurists would find it debatable whether he stated a valid claim of the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether this Court was correct in the procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on Judge Acosta's reasoning in the F&R, which I agree with fully, Mr. Chavez-Jimenez can not demonstrate cause to overcome the procedural bar. Therefore, it is appropriate to deny a COA. I agree with Judge Acosta's reasoning on all other points to which Mr. Chavez-Jimenez objects.

I therefore DENY petitioner's First Amended Petition for Writ of Habeas Corpus (#39), DISMISS this case, and DENY a Certificate of Appealability.

///

///

///

///

IT IS SO ORDERED.

DATED this  15th  day of March, 2010.

                                      /s/ Michael W. Mosman
                                    MICHAEL W. MOSMAN
                                    United States District Court

PAGE 3 - OPINION AND ORDER